IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tyleek Rayquaun Johnson,          )        C/A No.: 5:25-3379-JDA-KDW
                                  )
                 Plaintiff,       )
                                  )
        v.                        )        REPORT AND RECOMMENDATION
                                  )
Shana Peeler; Capt. Hayes; Mrs. Lucy;    )
Ashley Hunt; Kathy White, and A. Roach,  )
                                  )
                 Defendants.      )
                                  )

On April 22, 2025, Plaintiff Tyleek Rayquaun Johnson, proceeding pro se, filed this action against Defendants pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. On December 30, 2025, Defendants filed a Motion for Summary Judgment. ECF No. 62.[1] Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of such motions and of the need for Plaintiff to file an adequate response. ECF No. 63. Plaintiff was specifically advised that if Plaintiff failed to respond adequately, Defendants' Motion may be granted, thereby ending this case against Defendants. *See id.* Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motion. The deadline to respond was February 2, 2026. For this reason, on February 18, 2026, the court issued an order directing Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion by March 19, 2026. ECF No. 70. Plaintiff was advised that if he failed to respond, this case would be recommended for dismissal with prejudice. *See* ECF No. 70. Plaintiff has not filed a response

---

[1] Defendants also filed a Motion to Seal Document on the same day. *See* ECF No. 61. Plaintiff did not respond to this Motion.

to the Motion. Nor has Plaintiff responded to the Motion to Seal filed by Defendants. Defendants' Motion has now been pending for three months with no response. The last filing this court received from Plaintiff was a Notice of Change of Address he filed on October 10, 2025, notifying the court of his updated address. *See* ECF No. 47.

As such, it appears to the court that Plaintiff does not oppose Defendants' Motion and wishes to abandon this action. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration."  In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action against Defendants be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). If the Court adopts this recommendation, then Defendants' Motion to Seal should be denied as moot.

**IT IS SO RECOMMENDED.**

March 30, 2026                                                  Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).