IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Tyleek Rayquaun Johnson,           )          Case No. 5:25-cv-03379-JDA
                                   )
                    Plaintiff,     )
                                   )
          v.                       )          **OPINION AND ORDER**
                                   )
Shana Peeler, Capt Hayes, Mrs Lucy, )
Ashley Hunt, Kathy White, A Roach, )
                                   )
                    Defendants.    )

_____

This matter is before the Court on Plaintiff's Complaint and Defendants' motions to seal and for summary judgment.  [Docs. 1; 61; 62.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

Plaintiff's pro se Complaint was entered on the docket on April 22, 2025.  [Doc. 1.] On December 30, 2025, Defendants filed motions to seal and for summary judgment. [Docs. 61; 62.]  The Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion for summary judgment and the need for Plaintiff to file an adequate response.  [Doc. 63.] Nevertheless, Plaintiff failed to timely respond to the motion.  On February 18, 2026, the Magistrate Judge issued an Order directing Plaintiff to advise the Court whether he wished to continue with the case and ordering Plaintiff to file a response to Defendants' motion for summary judgment by March 19, 2026.  [Doc. 70.]  Plaintiff again failed to file a timely response to the motion.  On March 30, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's Complaint be

summarily dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 72.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 3.] No party has filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is summarily DISMISSED with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Defendants'

2

motion to seal [Doc. 61] and motion for summary judgment [Doc. 62] are FOUND AS MOOT.

IT IS SO ORDERED.

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

April 28, 2026
Columbia, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL</u>

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.